Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANDREONI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC, CENTURY WEST BMW, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT**<br>II.   **UNFAIR COMPETITION LAW**<br>III.  **FALSE ADVERTISING LAW**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. SARAH ANDREONI ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's attorneys, brings this action to challenge the actions of BMW FINANCIAL SERVICES NA, LLC and CENTURY WEST BMW ("Defendants") with regard to Defendants' failure to provide Plaintiff and the Putative Class with the disclosures required under the federal Fair Credit Reporting

Act, 15 U.S.C. § 1681 et. seq. ("FCRA"), after taking adverse action based on their consumer reports.

2. Additionally, Plaintiff brings claims on behalf of a Class of individuals for whom Defendants refused to honor the terms of their leases after representing the individuals had credit worthiness for the terms agreed to, thus violation the Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et. seq. ("UCL"), and the False Advertising Law, Cal. Bus. & Prof. C. § 17500 et. seq. ("FAL").

3. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant 28 U.S.C. § 1331 because it arises out of an issue of federal law, namely the federal Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA").

7. Because Defendants conduct business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendants do business and reside in Los Angeles, California which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

9. Plaintiff is a natural person who is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681 (a)(c), and resides in Los Angeles, California.

10. Defendant CENTURY WEST BMW is a company located in Los Angeles, California who conducts business in California and is a "person" as that term is defined by the FCRA, 15 U.S.C. §1681(a)(b).

11. Defendant BMW FINANCIAL SERVICES NA, LLC is a Delaware corporation that conducts business in California and is a "person" as that term is defined by the FCRA, 15 U.S.C. §1681(a)(b)

**FACTUAL ALLEGATIONS**

12. On November 5, 2016, Plaintiff applied for a lease on a 2016 BMW X1 at Defendant Century West BMW and financed through Defendant BMW FINANCIAL SERVICES NA, LLC.

13. Plaintiff was told that her credit was approved and was given the vehicle with which she promptly left.

14. The next day, Defendants called Plaintiff and told her that her credit had been denied and that she needed to return immediately to the dealership or else she would be committing a crime.

15. Plaintiff returned to Defendants' dealership, at which Defendants again ran Plaintiff's credit and approved her on different, worse terms.

16. Originally, Plaintiff was to pay $455 per month with a $2,000 deposit. Now, Plaintiff was to pay $477 per month with a $4,591.

17. Despite taking an adverse action against Plaintiff on the basis of her credit, Defendants failed to provide Plaintiff with the disclosures required under 15 U.S.C. § 1681m, including a written or electronic disclosure of her credit score.

18. Plaintiff is informed, believes, and based thereon alleges that Defendants have a systemic policy and practice to fail to make the required disclosures after taking an adverse action against someone on the basis of their credit as required by 15 U.S.C. § 1681m credit reports for consumers that are the subject of their "private investigations," without authorization, consent, or any permissible purpose.

19. By engaging in the above conduct, Defendants have violated FCRA.

20. Additionally, by leasing the vehicle to Plaintiff only to threaten her with arrest if she did not return the vehicle and agree to worse leasing terms after the fact, Defendants have engaged in false advertising and unfair business practices.

21. Such sales tactics employed on Defendants rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

22. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to enter into leases with Defendants under the false belief that Defendants had approved their financing and would not take adverse action against them based on their credit report and charge them higher deposits and rates.

23. Plaintiff reasonably believed and relied upon Defendants' representations.

24. Plaintiff materially changed her position by entering into a lease with Defendants and obtaining possession of the vehicle, and then being coerced to pay an additional $2,000 deposit and $22 per month after discovering that Defendants refused to abide by the terms offered.

25. Plaintiff would not have leased the vehicle from Defendants if she knew that the above-referenced statements made by Defendants were false.

26. Defendants benefited from falsely advertising and representing the terms of its leases based on accepting individuals credit scores and changing its policy after the fact. Defendants significantly benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## Class Allegations

27. Plaintiff brings this class action on behalf of herself and all others similarly situated ("the Class"):

> All natural persons residing in the United States who within two years of filing this complaint had an adverse action taken against them based on their consumer report by Defendants and to whom Defendants failed to provide written or electronic credit score

disclosures.

28. Plaintiff additionally seeks to represent a UCL Class (the "UCL Class," and with The Class, "The Classes") defined as follows:

> All California consumers who obtained a lease from Defendants in which Defendants changed the terms of the lease following an adverse credit action within four years prior to the date of filing of the Complaint.

29. Specifically excluded from the proposed Classes are Defendants; any entities in which Defendants have a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendants.

30. This action is brought and may be properly maintained as a class action.

31. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

32. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes includes thousands of members. Plaintiff alleges that the Classes members may be ascertained by the records maintained by Defendants.

33. Common questions of fact and law exist as to all members of the Classes which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between Classes members, and which may be determined without reference to the individual circumstances of any Classes members, include, but are not limited to, the following:

   a. Whether the Defendants made the proper disclosures after taking an adverse action under 15 U.S.C. § 1681m;

   b. Whether Defendants have a policy of failing to make the proper disclosures under 15 U.S.C. § 1681m;

c. Whether Defendants engaged in unlawful, unfair, or deceptive business practices in selling leases to Plaintiff and other Classes Members with no intention of providing them as represented;

d. Whether Defendants profited from such practices;

e. Whether Defendants violated California Bus. & Prof. C. § 17200, et. seq., Cal. Bus. & Prof. C. §17500, et. seq., and 15 U.S.C. § 1681 et. seq.;

f. Whether Plaintiff and the Classes have been injured by the Defendants' conduct;

g. Whether Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

h. Whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

34. Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs.

35. Plaintiff is asserting claims that are typical of the UCL Class because every other member of The UCL Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to restitutionary damages and reasonable attorneys' fees and costs.

36. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford

individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

38. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

39. Defendants have acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## COUNT I

## VIOLATIONS OF 15 U.S.C. §1681 ET SEQ

## (FAIR CREDIT REPORTING ACT)

## ON BEHALF OF THE CLASS AGAINST DEFENDANTS

40. Plaintiff reincorporates by reference all of the preceding paragraphs.

41. Defendants have deliberately, willfully, intentionally, recklessly and negligently failed to provide the disclosures required under 15 U.S.C. § 1681m after taking an adverse action against Plaintiff and the Class.

42. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

43. At all times pertinent hereto, the conduct of Defendants, as well as that

of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

44. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff and the Class that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff and the Class for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## SECOND CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

#### ON BEHALF OF THE UCL CLASS AGAINST DEFENDANTS

45. Plaintiff incorporates by reference each allegation set forth above.

46. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

47. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

48. Defendants misled consumers by making misrepresentations and untrue statements about the terms of the leases they entered into. Namely, Defendants made consumers believe that the terms of the leases they entered into and agreed to were binding on Defendants, when in fact Defendants intended to

modify the leases after taking adverse action based on Plaintiff and the UCL Class's credit reports.

49. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other UCL Class Members.

50. As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other UCL Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendants representations regarding the terms of its leases and her credit worthiness in entering into the lease. In reasonable reliance on Defendants' false advertisements, Plaintiff and other UCL Classes Members entered into leases at certain terms with Defendants. In reality, Defendants had no intention to honor the terms of the leases and intended to take adverse action against Plaintiff and the UCL Class based on their credit reports after the fact.

51. Plaintiff alleges that these false and misleading written representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

52. Defendants advertised to Plaintiff and other putative UCL Class members, through written representations and omissions made by Defendants and their employees.

53. Defendants knowingly lied to Plaintiff and other putative UCL Class members in order to induce them to purchase leases from Defendants.

54. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the UCL Class Members in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct will continue

to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all UCL Class Members of Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**THIRD CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

**ON BEHALF OF THE UCL CLASS AGAINST DEFENDANTS**

55. Plaintiff incorporates by reference each allegation set forth above.

56. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

57. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to

further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

58. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

59. Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the UCL Class. Plaintiff and members of the UCL Class have suffered injury in fact by purchasing leases from Defendants and having Defendants increase the costs associated with those leases after taking adverse action based on Plaintiff and the UCL Class's credit reports. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the UCL Class.

60. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer. Such deception utilized by Defendants convinced Plaintiff and members of the UCL Class that they were leasing cars at a certain rate based on their credit report, in order to induce them to lease cars from Defendants. In fact, Defendants knew that they had no intention of providing the represented rates and intended to increase the rates after taking adverse action and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the UCL Class are not outweighed by any countervailing benefits to consumers.

61. Finally, the injury suffered by Plaintiff and members of the UCL Class is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented the terms of its leases, consumers materially changed their position by entering into the leases with Defendants. After doing so,

Defendant stated that the leases were significantly more expensive due to adverse action based on credit reports, thus causing them to suffer injury in fact. Defendants failed to take reasonable steps to inform Plaintiff and UCL Class Members that the representations were false. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the UCL Class. Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could reasonably have avoided.

62. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

63. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

64. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65. Here, not only were Plaintiff and the UCL Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to enter into the lease at certain terms, and instead had to pay significantly higher costs after Defendants took adverse action based on Plaintiff's credit. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants against Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

66. As explained above, Defendants deceived Plaintiff and other UCL

Class Members by misrepresenting their credit worthiness and the terms of their leases.

67. Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

68. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

69. As explained above, Defendants deceived Plaintiff and other UCL Class Members by falsely representing their credit worthiness and the terms of their leases.

70. Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase leases from Defendants, in violation of California Business and Professions Code Section 17500, et seq.

71. Had Defendants not falsely advertised, marketed or misrepresented their leases, Plaintiff and UCL Class Members would not have purchased leases from Defendants. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and UCL Class Members.

72. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

73. Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and UCL Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and UCL Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The

Classes members the following relief against Defendants, and each of them:

    a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

    b. An order requiring Defendant, at its own cost, to notify all Classes Members of the unlawful and deceptive conduct herein;

    c. An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

    d. For statutory damages of for Plaintiff and each member of The Classes;

    e. For actual damages according to proof;

    f. For reasonable attorneys' fees and costs of suit;

    g. For prejudgment interest at the legal rate; and

    h. For such further relief as this Court deems necessary, just, and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 1st, 2018    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

    By: ____/s Todd M. Friedman_____
    TODD M. FRIEDMAN, ESQ.
    ATTORNEY FOR PLAINTIFF